# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEITH BARNETT, | 1:11-cv-02065-LJO-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS THE INSTANT PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MATTHEW CATE, | [Doc. 16] |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on December 15, 2011.

On February 22, 2012, Respondent filed a motion to dismiss the petition arguing Petitioner has failed to state a cognizable constitutional claim pursuant to § 2254. Petitioner filed an opposition on March 6, 2012.

DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas

1  corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his
2  confinement.  <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, <u>Preiser v. Rodriguez</u>,
3  411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section
4  2254 Cases.

   Petitioner alleges he is entitled to immediate release from prison without a period of
   parole.  Petitioner contends he has already served his entire term, and he should not be required
   to enter into a "parole contractual agreement" because he intends to leave California.  Petitioner
   further argues that California Penal Code section 3060.5, which requires the California Board of
   Parole Hearings to revoke the parole of any inmate who refuses to sign his conditions of parole,
   is overbroad, vague, and does not apply to him.  Petitioner further contends his continued
   confinement violates the Eighth Amendment prohibition against cruel and unusual punishment.

   To the extent Petitioner is attempting to argue that California courts have misinterpreted
   the state's parole statutes, such claim is not cognizable via § 2254 because this Court cannot
   review state law claims.  "[T]he availability of a claim under state law does not of itself establish
   that a claim was available under the United States Constitution." <u>Sawyer v. Smith</u>, 497 U.S. 227,
   239 (1990), *quoting,* <u>Dugger v. Adams</u>, 489 U.S. 401, 409 (1989).  Furthermore, Petitioner must
   allege that the adjudication of his claims in state court "resulted in a decision that was contrary
   to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in
   a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.
   A federal court may not issue a writ on the basis of a perceived error of state law.  <u>Pulley v.
   Harris</u>, 465 U.S. 37, 41 (1984).  It is presumed that the state courts properly applied their own
   laws.  <u>Woratzeck v. Stewart</u>, 97 F.3d 329, 336 (9th Cir. 1996).  Petitioner's claim that he is not
   subject to parole supervision, as required by Penal Code section 3000, and that the Board of
   Parole Hearings improperly revoked his parole for failing to sign his parole conditions, as
   required by Penal Code section 3060.5, do not invoke federal habeas jurisdiction.

   Petitioner's claim that he is entitled to immediate release from prison because he has
   already served his maximum term, is also without merit.  Under California law, every criminal
   sentence imposed by Penal Code sections 1168 and 1170 includes a period of parole, and

Petitioner became eligible for parole on April 15, 2011.  Respondent submits evidence that the Board revoked Petitioner's parole, and then extended his revocation term by 180 days, eligible for credits, on June 15, 2011.  (Ex 1 at Ex. D, to Motion.)  Unless Petitioner signs his conditions of parole, he will continue to serve the remainder of his parole period in prison.  See Cal. Penal Code § 3000(b)(6).

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition be GRANTED; and
2. The Clerk of Court be directed to dismiss and terminate this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 20, 2012**               /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE